UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROCKEFELLER PHOTOS, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 1:25-cv-08045 |
| v. | ) |
| | ) |
| NATIONAL LAW FORUM, LLC, d/b/a | ) |
| NATIONAL LAW REVIEW | ) |
| | ) |
| Defendant. | ) |

Defendant National Law Forum, LLC d/b/a The National Law Review ("Defendant"), through its attorneys, answers the allegations in the Complaint as follows:

## THE PARTIES

1. Plaintiff is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business located in Miami-Dade County, Florida.

**ANSWER**: Defendant admits that Plaintiff is organized under the laws of Delaware. Defendant lacks sufficient knowledge or information to admit or deny the Plaintiff's principal place of business, and on that basis denies the remaining allegations in this paragraph.

2. Defendant is a limited liability company organized and existing under the laws of the State of Illinois with its principal place of business located at 2070 Green Bay Road, Suite 178, Highland Park, IL 60035. Defendant's agent for service of process is Jonathan Friedland, 330 Hastings Avenue, Highland Park, IL 60035.

**ANSWER**: Defendant admits the allegations of this paragraph except as to the allegations as to the location of its principal place of business which is denied.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

**ANSWER**: Admitted.

4.     This Court has personal jurisdiction over Defendant because it has maintained sufficient minimum contacts with this State such that the exercise of personal jurisdiction over it would not offend traditional notions of fair play and substantial justice.

**ANSWER**:   Admitted.

5.  Venue properly lies in this district pursuant to 28 U.S.C. § 1400(a) because Defendant or its agents reside or may be found in this district.  "A defendant in a copyright action 'may be found' in a district where he is subject to the district court's personal jurisdiction."  Martino v. Orchard Enters., No. 20 C 2267, 2020 U.S. Dist. LEXIS 199687, at *18 (N.D. Ill. Oct. 27, 2020); see also Store Decor Div. of Jas Int'l, Inc. v. Stylex Worldwide Indus., Ltd., 767 F. Supp. 181, 185 (N.D. Ill. 1991) ("Thus, if a court has personal jurisdiction over the defendants in a copyright infringement action, venue in that court's district is proper.").

**ANSWER**:   Admitted.

## FACTS

**I.     Plaintiff's Business and History**

6.     Plaintiff is a premier provider of photography and videography in the highly-competitive food and beverage industry.  By offering access to tens of thousands of photographs/videos, Plaintiff provides businesses with the opportunity to build brand association/recognition through the use of media tailored to their needs.

**ANSWER**:   Denied.  To the best of Defendant's knowledge, Plaintiff was created by the owner of Prepared Food Photos ("PFP") and Plaintiff's only business is bringing copyright claims.

7.     Prepared Food Photos, Inc. f/k/a Adlife Marketing & Communications Co., Inc. ("Prepared Food Photos") is one of the customers/photography agencies represented by Plaintiff. Through its staff of professional photographers, Prepared Food Photos created and owns approximately 18,000 food-related photographs for use by supermarkets, ad agencies, and other professionals needing access to an extensive library of quality photographs.

**ANSWER**:   Defendant lacks sufficient knowledge or information to admit or deny the allegations in this paragraph, and on that basis the allegations are denied.

**II.    The Work at Issue in this Lawsuit**

8.     A professional photographer employed by Plaintiff's above-named customer created a photograph titled "PizzaDeluxeSlice001_ADL, 08-05-2006" (the "Work").  A copy of the Work is displayed below.

**ANSWER**:   Defendant lacks sufficient knowledge or information to admit or deny the

allegations in this paragraph, and on that basis the allegations are denied.

9. The Work was registered by the above-named customer with the Register of Copyrights on March 3, 2017 and was assigned Registration No. VA 2-047-009. A true and correct copy of the Certificate of Registration pertaining to the Work is attached hereto as **Exhibit "A."**

**ANSWER**: Defendant admits only that the copyright was registered with the Register of Copyrights on the date referenced and obtained the assigned number, but lacks sufficient knowledge or information to admit or deny whether such registration was validly obtained, and on that basis denies any such allegation.

10. Plaintiff's above named customer is the owner of the Work and has remained the owner at all times material hereto.

**ANSWER**: Defendant lacks sufficient knowledge or information to admit or deny the allegations in this paragraph, and on that basis the allegations are denied.

11. For all times relevant to this action, Plaintiff and its above-named customer were parties to one or more written agreements whereby such above-named customer conveyed to Plaintiff certain exclusive rights in the Work, including but not limited to the exclusive right to reproduce the Work in copies and the exclusive right to distribute copies of the Work to the public by sale and/or licensing. Such written agreement(s) likewise convey the exclusive right to pursue any infringements of the Work, whether such infringements arose prior to execution of the written agreement(s) or thereafter. As such, Plaintiff is entitled to institute and maintain this action for copyright infringement. See 17 U.S.C. § 501(b).

**ANSWER**: On information and belief, Defendant admits that Plaintiff and PFP were at one time parties to at least one agreement, but denies that Plaintiff has standing to institute and maintain this action. Defendant lacks sufficient knowledge or information to admit or deny the remaining allegations in this paragraph, and on that basis the remaining allegations in this paragraph are denied.

**III. Defendant's Unlawful Activities**

12. Defendant "[i]s a business-to-business legal news website developed for in-house counsel, business owners and executives, private practice attorneys, and insurance, finance, healthcare, human resources, and other professionals".

**ANSWER**: Admitted.

13. Defendant advertises/markets its business through its Website (https://natlawreview.com/), social media (e.g., https://www.facebook.com/NatLawReview, https://x.com/natlawreview, and https://www.linkedin.com/company/the-national-law-review/), and other forms of advertising.

**ANSWER**: Admitted.

14. On November 8, 2019 (after the above-referenced copyright registration of the Work), Defendant displayed and/or published the Work on its website, webpage, and/or social media as a means of advertising, promoting, and/or marketing its business (at https://www.natlawreview.com/article/ohio-district-court-delivers-win-pizza-drivers).

**ANSWER**: Defendant lacks sufficient knowledge or information to admit or deny the allegations in the first two lines and last line of this paragraph, and on that basis denies those allegations. Defendant denies the third line of this paragraph (that is, that the image published by Defendant was published as a way of advertising, promoting or marketing its business).

15. A true and correct copy of a screenshot of Defendant's website, webpage, and/or social media, displaying the copyrighted Work, is attached hereto as **Exhibit "B."**

**ANSWER**: Defendant admits only that Exhibit "B" is a true and correct screen shot of Defendant's website. Defendant lacks sufficient knowledge or information to admit or deny the remaining allegations in this paragraph, and on that basis denies those allegations.

16. Defendant is not and has never been licensed to use or display the Work. Defendant never contacted Plaintiff to seek permission to use the Work in connection with Defendant's website, webpage, and/or social media – even though the Work that was copied is clearly professional photography that would put Defendant on notice that the Work was not intended for public use.

**ANSWER**: Defendant admits only that it did not have a license from Plaintiff to use or display the Work, and never contacted or sought permission from Plaintiff to use the Work in connection with its website, webpage and/or social media. Except as admitted, the allegations in this paragraph are denied.

17. Defendant utilized the Work for commercial use.

**ANSWER**: Denied.

18. Upon information and belief, Defendant located a copy of the Work on the internet and, rather than contact Plaintiff to secure a license, simply copied the Work for its own commercial use.

**ANSWER**: Defendant admits only that it did not contact Plaintiff to secure a license for the Work. The remaining allegations in this paragraph are denied.

19. Through its ongoing diligent efforts to identify unauthorized use of its photographs, Plaintiff and/or its above-named customer discovered Defendant's unauthorized use/display of the Work in February 2024. Following such discovery, Plaintiff and/or its above-named customer notified Defendant in writing of such unauthorized use.

**ANSWER**: Defendant lacks sufficient knowledge or information to admit or deny the allegation that Plaintiff or PFP discovered the use or display of the Work in February 2024, and on that basis denies that allegation. Defendant denies that Plaintiff or PFP was diligent in searching for alleged infringements. Defendant specifically denies that Plaintiff notified Defendant. Defendant admits that it received a demand letter from a law firm, writing on behalf of PFP. The remaining allegations in this paragraph are denied.

20. All conditions precedent to this action have been performed or have been waived.

**ANSWER**: Denied.

## COUNT I – COPYRIGHT INFRINGEMENT

21. Plaintiff re-alleges and incorporates paragraphs 1 through 20 as set forth above.

**ANSWER**: Defendant incorporates by reference its answer to paragraphs 1 through 20 as set forth above as its answer to this paragraph 21.

22. Each photograph comprising the Work is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 *et seq.*).

**ANSWER**: Defendant lacks sufficient knowledge or information to admit or deny the

allegations of this paragraph, and on the basis the allegations in this paragraph are denied.

23. Plaintiff's above-named customer owns a valid copyright in each photograph comprising the work, having registered the Work with the Register of Copyrights.

**ANSWER**: Defendant lacks sufficient knowledge or information to admit or deny the allegations of this paragraph, and on the basis the allegations in this paragraph are denied.

24. Plaintiff has standing to bring this lawsuit and assert the claim(s) herein as it has sufficient rights, title, and interest to such copyrights (as Plaintiff was conveyed certain exclusive rights to reproduce and distribute the Work by the above-named customer).

**ANSWER**: Denied.

25. As a result of Plaintiff and/or its above-named customer's reproduction, distribution, and public display of the Work, Defendant had access to the Work prior to its own reproduction, distribution, and public display of the Work on Defendant's website, webpage, and/or social media.

**ANSWER**: Denied.

26. Defendant reproduced, distributed, displayed, and/or publicly displayed the Work without authorization from Plaintiff or its above-named customer.

**ANSWER**: Defendant admits only that it did not seek authorization from Plaintiff or PFP. Defendant lacks sufficient knowledge or information to admit or deny the remaining allegations in this paragraph, and on that basis the remaining allegations in this paragraph are denied.

27. By its actions, Defendant infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501. Defendant's infringement was either direct, vicarious, and/or contributory.

**ANSWER**: Denied.

28. Defendant's infringement was willful as it acted with actual knowledge or reckless disregard for whether its conduct infringed upon Plaintiff's copyright. Notably, Defendant itself utilizes a copyright disclaimer on its website ("Copyright ©2025 National Law Forum, LLC"), indicating that Defendant understands the importance of copyright protection/intellectual property rights and is actually representing that it owns each of the photographs published on its website. See, e.g., Bell v. ROI Prop. Grp. Mgmt., LLC, No. 1:18-cv-00043-TWP-DLP, 2018 U.S. Dist. LEXIS 127717, at *3 (S.D. Ind. July 31, 2018) ("[T]he willfulness of ROI's infringement is

evidenced by the fact that at the bottom of the webpage on which the Indianapolis photograph was unlawfully published appeared the following: 'Copyright © 2017.' By placing a copyright mark at the bottom of its webpage that contained Mr. Bell's copyrighted Indianapolis Photograph, Mr. Bell asserts ROI willfully infringed his copyright by claiming that it owned the copyright to everything on the webpage."); John Perez Graphics & Design, LLC v. Green Tree Inv. Grp., Inc., Civil Action No. 3:12-cv-4194-M, 2013 U.D. Dist. LEXIS 61928, at *12-13 (N.D. Tex. May 1, 2013) ("Once on Defendant's website, Defendant asserted ownership of Plaintiff's Registered Work by including a copyright notice at the bottom of the page. Based on these allegations, the Court finds Plaintiff has sufficiently pled a willful violation…."). Defendant clearly understands that professional photography such as the Work is generally paid for and cannot simply be copied from the internet.

**ANSWER**: Denied. Defendant admits that it is aware of the copyright laws, but denies that the copyright notice on its website represented any claim about ownership of photos or is evidence of willful infringement.

29. Plaintiff has been damaged as a direct and proximate result of Defendant's infringement.

**ANSWER**: Denied.

30. Plaintiff is entitled to recover its actual damages resulting from Defendant's unauthorized use of the Work and, at Plaintiff's election (pursuant to 17 U.S.C. § 504(b)), Plaintiff is entitled to recover damages based on a disgorgement of Defendant's profits from infringement of the Work, which amounts shall be proven at trial.

**ANSWER**: Denied.

31. Alternatively, and at Plaintiff's election, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c), in such amount as deemed proper by the Court.

**ANSWER**: Denied.

32. Pursuant to 17 U.S.C. § 505, Plaintiff is further entitled to recover its costs and attorneys' fees as a result of Defendant's conduct.

**ANSWER**: Denied.

33. Defendant's conduct has caused, and any continued infringing conduct will continue to cause, irreparable injury to Plaintiff unless enjoined by the Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**ANSWER**: Denied. In fact, Defendant removed the photographs after it received PFP's

demand letter. The allegations that there is a continuing violation and that injury to Plaintiff will continue is false.

## AFFIRMATIVE DEFENSES

1. As a separate and distinct affirmative defense to the Complaint and the cause of action set forth therein, Defendant asserts that Plaintiff lacks standing to institute or maintain this action. To the best of Defendant's knowledge, Plaintiff's only function is to serve as a front for the enforcement of copyrights owned by Prepared Food Photos. *Righthaven LLC v. Hoehn*, 716 F.3d 1166 (9th Cir. 2013).

2. As a separate and distinct affirmative defense to the Complaint and the cause of action set forth therein, Defendant asserts that its use of the photo that is the subject of this action was proper and not in derogation of the copyright claims asserted by Plaintiff. To the best of Defendant's knowledge, its use of the photo was made with the permission, authorization or license of the author of the photograph or the copyright holder.

3. As a separate and distinct affirmative defense to the Complaint and the cause of action set forth therein, Defendant asserts that Plaintiff's copyright registration was obtained by deception on the copyright office and hence should be invalidated. To the best of Defendant's knowledge, the photograph was not taken or created by Joel Albrizio as alleged in the copyright registration.

4. As a separate and distinct affirmative defense to the Complaint and the cause of action set forth therein, Defendant asserts that Plaintiff's claims are barred by the statute of limitations. On information and belief, Prepared Food Photos has for several years regularly conducted reverse image searches to enable its business of sending demand letters and suing for

copyright infringement. To the extent that Plaintiff invokes the discovery rule to justify suing on an alleged infringement that occurred in 2019, application of the discovery rule would be inappropriate and inequitable.

5. As a separate and distinct affirmative defense to the Complaint and the cause of action set forth therein, Defendant asserts that this action is barred as the use of the image by Defendant constitutes fair use Under Section 107 of the Copyright Act. The photo was used for news reporting purposes, which is recognized by the Copyright Act as a form of noncommercial use.

6. As a separate and distinct affirmative defense to the Complaint and the cause of action set forth therein, Defendant asserts that this action is barred as the use of the image by Defendant constitutes de minimis use.

## DEFENDANT'S PRAYER FOR RELIEF

WHEREFORE, Defendant prays for relief and judgment as follows:

1. That the Court deny Plaintiff's prayer for relief in its entirety and that the Court enter judgment in Defendant's favor and against Plaintiff;

2. That the Court award Defendant its costs and expenses incurred in this action, as well as attorneys' fees as permitted by law; and

3. That the Court award Defendant such other and further relief that it deems appropriate.

NATIONAL LAW FORUM, LLC, d/b/a THE
NATIONAL LAW REVIEW

By: /s/ Lorne T. Saeks
      One of Its Attorneys

Lorne T. Saeks (ARDC #6207595)
MUCH SHELIST, P.C.
191 N. Wacker Drive, Suite 1800
Chicago, IL 60606
(312) 521-2000
lsaeks@muchlaw.com